Josephine Gunn, Appellee, v. Charles Meyer, Appellant.

Opinion filed September 19, 1932. Re-hearing denied October 22, 1932.

Wm. P. Boynton, for appellant.

M. E. Newell and Francis Manning, for appellee; J. L. Simpson, of counsel.

Mr. Justice Fulton delivered the opinion of the court.

Josephine Gunn, appellee, recovered a verdict and judgment in the sum of $2,500 in the court below, against Charles Meyer, appellant, for damages sustained in an automobile collision on December 12, 1930. The declaration, when the case was finally submitted to the jury, consisted of three counts. The first count alleges that appellee was riding in an automobile owned and driven by one Floyd Hobbel, and charges general negligence on the part of appellant in the operation of his automobile which was being driven by the son of the appellant, Charles Meyer, at the time of the accident. The second count alleges the same facts in substance, but charges the appellant with driving his car at an excessive rate of speed, and without signals or warnings, crossing over from the right to the left side of the highway and driving appellant's car into the automobile in which appellee was riding.

The last count was an additional one filed by leave of court over objection on the part of appellant shortly before appellee had closed her testimony. It alleges the same introductory facts, but charges that appellant's automobile was driven directly in the path of the car in which appellee was a passenger, whereupon the driver of the car in which appellee was riding turned his car sharply to the left, whereupon the said car turned over, etc.

The appellant filed a plea of the general issue to the original declaration, which was permitted to stand as a plea to the additional count.

The appellant urges first that the verdict is contrary to the manifest weight of the evidence. The appellee and Floyd Hobbel, the driver of the car in which appellee was riding, both swore positively that Hobbel was operating his car on the east side of the road driving north, the appellee being a passenger and riding on the front seat with the driver; that as they approached the entrance to the refinery of the Shell Petroleum Corporation located on the east side of the highway in the Village of Roxana, the appellant's car, driven by his son, came from the north and a short distance before the cars met, the appellant's car pulled over to the left side and off the road and then suddenly pulled back onto the highway directly in front of the Hobbel car; that Hobbel had slowed down and when appellant's car swerved back onto the road in front of him, he applied his brakes and turned sharply to the left to avoid a head-on collision; that appellant's car crashed into the right rear side of Hobbel's car, causing it to turn over on its side; that appellant's car did not stop but ran on into the parking space on the east side of the road. Several witnesses for appellee testified to hearing a screeching of the brakes, a crash and that the car turned over.

On behalf of appellant, the son, who was driving appellant's car, testified that he was driving south on the right-hand side of the highway; that he observed the Hobbel car about a block away coming along the highway from the south; that he put up his hand and turned into the parking space; that after he was 50 or 100 feet into the parking space, he heard the screeching of brakes, turned around and saw the Hobbel automobile turn over; that appellant's car did not at any time come in contact with the Hobbel car in any way. He was corroborated by two or three witnesses who testified that the two cars did not come into contact with each other.

There is nothing in the record that would justify our interference with the verdict of the jury as being against the manifest weight of the evidence. The jury had the opportunity of seeing and observing the witnesses. The evidence offered by the appellee, fairly considered, if believed by the jury, is amply sufficient to sustain the verdict. There is no evidence to show that appellee was guilty of any contributory negligence whatever. Hobbel was driving his car on the proper side of the highway, and appellee could not have anticipated that appellant's car would suddenly dart back into the highway directly in front of the Hobbel car.

It is contended that the court erred in permitting the appellee at the trial to file an additional count. While the appellant objected to the filing of such count, he did not urge that he was surprised or make any motion for a continuance on the ground that he could not safely proceed with the trial. No motion was made at the close of appellee's evidence nor at the close of all the testimony to strike this additional count from the consideration of the jury. It was not error for the court to permit the filing of the additional count under

the circumstances. See *Bell v. Toluca Coal Co.*, 272 Ill. 576.

It is also urged that the court erred in giving the following instruction, which was the only one offered or given on behalf of appellee:

"The Court instructs the jury that although a driver may contribute to an injury to his automobile, or to a passenger riding with him, or both; but the Court further instructs you that his contributory negligence, under the law, cannot be imputed to a passenger riding with him."

This instruction should not have been given because it contains an abstract proposition of law and is argumentative in form, and the two parts of the instruction are not logically or grammatically connected. The appellant is not, however, in a position to complain, because no instruction on the question of contributory negligence was offered or given on behalf of appellant.

In this case the question of contributory negligence on the facts was not a close one, and we do not believe the giving of the above instruction in any way influenced the verdict of the jury and is not reversible error.

Finding no substantial error in the record, the judgment of the Madison county circuit court will be affirmed.

*Affirmed.*